IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRYLN MITCHELL,                          *

    *Plaintiff*,                                *

    v.                                      *        Case No.: 8:25-cv-01149-PX

SCOTT TUNER, SECRETARY,                     *
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,                          *

                                            *

    *Defendant.*                               *

*    *    *    *    *    *    *    *    *    *    *    *    *    *

**DEFENDANT'S OPPOSITION TO PLAINITFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Scott Tuner, Secretary, U.S. Department of Housing and Urban Development ("HUD" or the "Agency"), by and through Kelly O. Hayes, United States Attorney for the District of Maryland, and Beatrice C. Thomas, Assistant United States Attorney for said district, hereby opposes Plaintiff's Motion for Leave to File a Third Amended Complaint. Plainitff has now had three opportunities to plead a viable discrimination claim. And she has failed each time. Her proposed Third Amendment Complaint ("TAC") does not cure the defects this Court already identified –it simply repackages them. Because amendment would be futile, the motion for leave to amend should be denied.

I.      **INTRODUCTION**

This case is now closed. The Court already dismissed Plaintiff's Second Amended Complaint ("SAC") because it failed to allege a plausible discrimination claim. The Court did not identify minor pleading gaps; this Court identified fundamental defects—no adverse employment

1

action; no valid comparators, and reliance on unexhausted and time-barred allegations. *Id.* Plaintiff's response does not fix these defects. Just relabels them. The TAC adds narrative that begs conjecture, adjectives without context, and speculation without plausibility. Plaintiff still challenges a lawful reassignment decision that Plaintiff had no right to contest, still relies on inapt comparators, and still attempts to resurrect barred allegations—as well as introduces new, but irrelevant accusations—under the guise of "background."

Federal Rule of Civil Procedure ("Rule") 15 does not require courts to indulge in fruitless amendments, nor does it license endless do-overs. While leave to amend should be freely given, it is properly denied where amendment would be futile. That is precisely the case here. This Court should therefore deny Plaintiff's request for leave to file the TAC.

## II.   BACKGROUND[1]

From August 7, 2017 through August 7, 2019, Plaintiff, an African American who was born in 1961 and was fifty-eight years old at the time of her Complaint was a term employee in the division of Ginnie Mae Office of Securities Operations ("OSO"), HUD. ECF No. 19-1, ¶ 8. Plaintiff's Supervisor was Victoria Vargas ("Vargas"). *Id.* at ¶ 12. In March 2019, Vargas informed Plaintiff that she would not be extended beyond August 7, 2019. *Id.* at ¶ 21. In June 2019, Vargas filled a career conditional vacancy via HUD's approved reassignment process. *Id.* at ¶ 37, 45 (citing C.F.R. §§ 335.103(c)(3)(v) and 330.102). On July 21, 2019, Sylvia Purvis ("Purvis"), an African American woman in her mid-to-late forties, was reassigned into the vacant in OSO (the "July 2019 Reassignment"). *Id.* at ¶ 37. On August 7, 2019, Plaintiff's term expired, and she left the Agency. *Id.* at ¶ 8.

---

[1] This background section is derived directly from Plaintiff's TAC.

On July 22, 20219, Plaintiff initiated contact with an EEO counselor and filed a formal EEO complaint on August 27, 2019. *Id.* at ¶¶ 3-4. On July 22, 2024, Plaintiff received a Notice of Right to File Civil Action. *Id.* at ¶ 5. Plaintiff originally filed in state court, but HUD removed the case to federal court. ECF Nos. 1-4. Subsequently, Plaintiff filed a Second Amended Complaint. ECF No. 13, and the parties engaged in briefing on HUD's Motion to Dismiss, or in the Alternative for Summary Judgment. ECF No. 14-16.

On March 6, 2026, This Court granted HUD's Motion to Dismiss and closed the case. ECF No. 17. First, the Court dismissed the bulk of Plaintiff's claims for failure to exhaust administrative remedies. ECF No. 17, pp. 7-9. Specifically, the Court held that Plainitff's administrative charge was limited to the single July 2019 hiring decision, and therefore claims of retaliation, hostile work environment, constructive discharge, disparate impact, and failure to convert were unexhausted and barred because they were not presented or pursued through the EEO process. *Id.*

Turning to the remaining race and age discrimination claims, the Court found that Plaintiff failed to plausibly allege the essential elements of discrimination, including a cognizable adverse employment action or similarly situated comparators. *Id.* at pp. 11-12. The Court further explained that Plainitff's allegations consisted of conclusory assertions unsupported by factual content sufficient to rase a reasonable inference of discriminatory intent. *Id.* Accordingly, the Court held that even the sole exhausted claim failed as a matter of law. However, the Court permitted Plaintiff the opportunity to file a motion for leave to amend the claims in her Complaint relating to the July 21, 2019 opening. *Id.* at p. 13.

III.    **STANDARD OF REVIEW**

"[Rule] 15(a)(2) provides that, when a party cannot amend a pleading by right, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Hima v. Gunnell*, No. 21-cv-01251-LKG, 2023 WL 2602338, at \*2 (D. Md. Mar. 16, 2023) (quoting [Rule] 15(a)(2)).  "The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court 'should freely' grant leave to amend 'when justice so requires.'"  *Id.* (first quoting [Rule] 15(a)(2), then citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "But the Court should deny a party leave to amend 'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *Id.* (quoting *Johnson v. Oroweat Foods Co., Inc.*, 785 F.2d 503, 509 (4th Cir. 1986)).  "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."  *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).  "An amendment is futile 'when the proposed amended complaint fails to state a claim.'"  *Hima*, 2023 WL 2602338, at \*2 (quoting *Van Leer v. Bank Secs., Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012)).  "And so, the Court should deny a motion for leave to amend if 'the proposed amendment could not withstand a motion to dismiss.'"  *Id.* (quoting *Cuffee v. Verizon Commc'ns, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010)).

Under Rule 15(d), "the court . . . may permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Rule 15(d).  "[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical."  *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002).  As explained above with respect to leave to amend under Rule 15(a), leave to

4

supplement should be denied "where good reason exists, such as prejudice to the defendants." *Hodges v. Meletis*, 109 F.4th 252, 263 n.17 (4th Cir. 2024) (quoting *Franks*, 313 F.3d. at 198 n.15).

Where, as here, a court has already dismissed the operative complaint and identified specific deficiencies, a Plaintiff must do more than add detail; she must cure those deficiencies. Plaintiff has not done so here.

## IV.    <u>ARGUMENT</u>

### A. **Amendment is futile because the TAC still fails to allege legally cognizable adverse employment action.**

The Court previously held that Plaintiff failed to plausibly allege an adverse employment action tied to the July 2019 reassignment. ECF No. 17, pp. 11-12. The TAC fails again. It does not cure this defect but instead reworks the same theory the Court already rejected, attempting to transform a lawful, discretionary reassignment into an adverse employment action through conclusory assertions. First, the TAC concedes that the Agency had the discretion to fill the July 2019 opening via reassignment. ECF No. 19-1, ¶ 45 ("The federal regulations cited by the Court 5 C.F.R. §§ 335.103(c)(3)(v) and 330.102 make reassignment discretionary, not mandatory."). Yet the TAC attempts to relabel the "exercise of that discretion" as an "elimination" of Plaintiff's opportunity for conversion. This theory fails outright. As a matter of law, an "exercise of discretion" is not a cognizable adverse action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("<u>Title VII</u>").

Indeed, "the existence of some adverse employment action is required" to prevail on a Title VII discrimination claim. *Maine v. Azar*, No. CV GLR-16-3788, 2021 WL 3617215, at *12 (D. Md. Aug. 16, 2021) (quoting *James v. Booz-Allen & Hamilton, Inc*., 368 F.3d 371, 375 (4th Cir. 2004); *see also Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 819 (E.D. Va. 2016) ("Title VII protects against adverse employment actions, not all workplace injustices."). As previously

explained in the Motion to Dismiss, to fit the bill as an adverse employment action, there must be some significant detrimental effect and, "absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action." ECF No. 14-1, p. 22 (quoting *Boone v. Goldin*, 178 F.3d 253, 256-57 (4th Cir. 1999)). The TAC admits that Plaintiff was a term employee, ECF No. 19-1, ¶ 1, but is also devoid of any mention that the operative terms of her appointment conferred any entitlement to conversion to a permanent position. The TAC also fails to demonstrate how Vargas's decision to fill the position by reassignment without posting altered Plaintiff's existing pay, benefits, or conditions, or denied her any right conferred by law, regulation, or her term appointment.

Plainitff's attempt to reframe the reassignment as causing her termination is equally unavailing, even under the more lenient standard articulated in *Muldrow v. City of St. Louis, Missouri,* 601 U.S. 346 (2024). While *Muldrow* clarified that a plaintiff need only show "some harm" with respect to terms or conditions of employment, it did not eliminate the requirement of a causal connection between the challenged action and an "identifiable term or condition." *Muldrow,* 601 U.S. at 347. Here, Plaintiff maintains that the "reassignment eliminated the last available OSO Career Conditional vacancy," and "[a]s a direct result of the July 21, 2019, Plaintiff's term appointment expired." ECF No. 19-1, ¶¶ 43-44. That's wrong, based on Plaintiff's own TAC. Primarily, the TAC acknowledges that in March 2019, Vargas informed Plaintiff that she would not be extended for a third year and that her appointment would end on August 7, 2019. ECF No. 19-1, ¶ 21. Thus, even *before* the July 2019 Reassignment, Plaintiff had actual notice that she would not be extended. More importantly, Plaintiff's term appointment expired by operation of its own terms—not because of a reassignment. The TAC's conclusory assertion that

6

the reassignment "directly resulted" in her termination is precisely the type of unsupported inference that *Iqbal* forbids.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).  Plaintiff further asserts she lost career conditional status, employment security, retirement benefits, and future advancement within HUD.  ECF No. 19-1, ¶ 46.  But these alleged losses are illusory.  The TAC does not—and cannot—allege that her term appointment ever conferred any entitlement to those benefits in the first place.

Thus, absent plausible allegations that the reassignment altered the actual terms of her employment or caused any independent harm, Plaintiff cannot bootstrap the natural expiration of her term appointment into an actional adverse employment action under *Muldrow,* and the proposed TAC fails to state a claim.

**B. Amendment is futile because the TAC still fails to allege valid comparators.**

The Court also found that Plaintiff did not "plausibly plead[] that she received different treatment similarly situated employees outside her protected class."  ECF No. 17, p. 12.  The TAC attempts to cure this by naming additional employees, but the fundamental defect remains.  "[A] plaintiff who bases [their] allegations entirely upon a comparison to an employee from a non-protected class must demonstrate that the comparator was similarly situated in all relevant aspects."  *Sawyers v. United Parcel Service*, 946 F. Supp. 2d 432, 442 n.10 (D. Md. 2013) (internal quotation omitted); *see also Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010).  A showing of similarity "would include evidence that the employees 'dealt with the same supervisor, [were] subject to the same standards and ... engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'"

Here, Plaintiff's TAC names four OSO term employees who are outside of Plaintiff's racial class, were all similarly situated to Plaintiff, and received career conditional positions while Plaintiff did not. ECF No. 19-1, ¶ 56a-d. Plaintiff's reliance on these employees is misplaced and irrelevant to the comparator analysis. These OSO term employees bear no relation or relevance to Plaintiff's only exhausted claim concerning the July 2019 reassignment. The only proper comparator here is Purvis, the candidate selected to fill the open career position. ECF No. 19-1, ¶ 43. Even if this Court were to consider the OSO term employees, Plaintiff does not establish that they were similarly situated in terms of supervisor, job responsibilities or other circumstances. First, Plaintiff mentions neither her own job title, nor the job title of her comparators. *See* ECF No. 19-1, ¶ 56a-d. Additionally, she does not allege that they had the same supervisor, just that they had the same "supervisory structure." *Id.* As previously argued, proposed comparators who reported to different supervisors, finding that "without showing that the comparators had the same supervisor, Plaintiff [fails] to show that they were similarly situated." *Hurst v. D.C.,* No. CIV. PWG-12-2537, 2015 WL 1268173, at *4 (D. Md. Mar. 16, 2015), *aff'd*, 681 F. App'x 186 (4th Cir. 2017). More to the point, the TAC indicates that the OSO term employees were converted to career condition through the competitive process, not through reassignment. ECF No. 19-1, ¶ 56a-d. These are just some of the dispositive differences fatal to Plaintiff's race and age discrimination claims. Turning to the only proper compactor, Purvis forecloses Plaintiff's race an age claim—she, too, is an older African American woman. *Compare* ECF No. 19-1, ¶ 8 *with* ¶ 38. Accordingly, Plaintiff cannot plausibly allege that race or age played any role, let alone a determinative one, in the challenged decision. Any further amendment would thus be futile.

**C. At bottom, Plaintiff's TAC fails to allege facts sufficient to claim that the Agency's actions were taken *because of* her protected characteristic of race and age; thus her discrimination claims fail as a matter of law.**

In substance, Plaintiff's claims fail for a single, dispositive reason, like her SAC: the TAC does not allege sufficient facts that permit a reasonable inference that any action taken by the Agency was because of Plaintiff's race or age. In order to survive dismissal, Plaintiff must allege facts that plausibly connect those actions to discriminatory treatment "'above a speculative level.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020) (quoting *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)). Plaintiff has not done so here.

The Court has already made clear that conclusory assertions and speculative inferences are insufficient to state a claim. ECF No. 17, pp 11-12. Even accepting Plaintiff's allegations as true, TAC still offers nothing more than labels, *i.e.* that she was "more qualified," without factual content linking any decisionmakers' conduct to discriminatory animus. Allegations that Plaintiff was the only African American or oldest term employee, standing alone, do no give rise to a plausible inference that race or age motivated Vargas to exercise her discretion concerning the July 2019 Reassignment. Absent non-conclusory facts showing discriminatory intent, Plaintiff's claims remain precisely the type of "formulaic recitation" rejected under *Iqbal* and *Twombly. See Iqbal*, 556 U.S. at 663 (2009) (explaining that a complaint must contain "factual content" allowing the court to draw a "reasonable inference" of liability); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action.").

Despite three different attempts to present this matter to this Court, the TAC, like the other complaints, does not plausibly allege that this decision was driven by race or age, rather than by lawful personnel discretion. As already admitted, the Agency was permitted to fill the position

through reassignment, and Plaintiff, as a term employee, makes no showing that she was entitled to compete for or be converted into that role. The TAC's attempt to attribute discriminatory motive to that decision rests entirely on speculation—e.g., that Purvis was less qualified or personally known to Vargas. ECF No. 19-1, ¶ 40. But favoritism, even if true, is not discrimination, and nothing in the TAC plausibly connects the reassignment to Plaintiff's protected characteristics. *Daughety v. Harvey*, No. CBD 04-2114, 2006 WL 8447637, at \*7 (D. Md. Mar. 20, 2006), *aff'd sub nom. Daughety v. Geren*, 260 F. App'x 547 (4th Cir. 2007) ("favoritism towards one individual does not constitute discrimination actionable under Title VII.") (quoting *Holder v. City of Raleigh*, 867 F.2d 823 (4th Cir. 1989)).

Indeed, since Plaintiff relies only on bald assertions, her TAC fails to "nudge [her] claims" … "across the line from conceivable to plausible." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 680). Specifically, Plaintiff asks the Court to infer discrimination simply because she belongs to a protected class and experienced adverse actions. That is not enough. Here the TAC provides no factual bridge between the Agency's actions and her race or age. Courts routinely reject such claims and find that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Lydick v. Erie Ins. Prop. & Cas. Co.,* 778 F. App'x 271, 273 (4th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's allegations amount to precisely the kind of "threadbare recitals" and speculation that fail as a matter of law. *Iqbal*, 556 U.S. at 663.

## V. CONCLUSION

Ultimately, the question before the Court is not whether Plaintiff disagrees with the July 2019 Reassignment, but whether she has plausibly alleged that Vargas' decision to exercise

discretion concerning the reassignment was made because of her race and age. She has not—and cannot. Absent factual allegations supporting an inference of discrimination, her claims cannot proceed. Accordingly, the Court should deny the motion for leave to file the third amended complaint.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

        /s/
Beatrice C. Thomas (Bar No. 21969)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
410-209-4848
beatrice.thomas@usdoj.gov

*Counsel for HUD*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 1st day of April, 2026, I caused a copy of the foregoing *Defendant's Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint* to be filed with the Clerk of the Court via the CM/ECF System.

        /s/
Beatrice C. Thomas
Assistant United States Attorney
