IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERRYLYN MITCHELL,       *
                               *
            Plaintiff,     *
v.                          *     Civil Case No. SAG-25-1149
                               *
SCOTT TUNER,          *
                               *
          Defendant.    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff Sherrylyn Mitchell ("Plaintiff") seeks leave to file a Third Amended Complaint in this employment discrimination lawsuit, following dismissal of her Second Amended Complaint by this Court. ECF 21. Defendant Scott Tuner, the Secretary of the Department of Housing and Urban Development, opposes the motion on the ground of futility, ECF 23. Plaintiff has filed a reply, ECF 24. For the reasons stated herein, this case will be reopened and Plaintiff's motion to amend will be granted, without prejudice to Defendant's ability to renew his substantive arguments in a motion to dismiss.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On March 6, 2026, this Court granted a motion to dismiss Plaintiff's Seconded Amended Complaint.[1] ECF 17, 18. Plaintiff now seeks to file a proposed Third Amended Complaint, which adds new factual allegations and eliminates several of her original claims. ECF 21-1.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or

---

[1] Plaintiff amended the first two iterations of her complaint without contested motions practice. ECF 4, 13.

the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendant's contention in this matter is that amendment would be futile. ECF 23. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980),

*cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Civ. Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

## III.    ANALYSIS

In his opposition to the motion to amend, Defendant argues that the restructured allegations in the Third Amended Complaint still fail to state a viable discrimination claim. ECF 23. Without reaching the merits of those legal issues, Plaintiff's proposed Third Amended Complaint cannot fairly be described as "clearly insufficient or frivolous on its face."

Given that the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court will permit Plaintiff to file her Third Amended Complaint and will ask Defendant to re-file his arguments in favor of

3

dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice Defendant and will produce the cleanest record for the parties to proceed with this case.

A separate Order follows, which will reopen this case and direct the Clerk to file the Third Amended Complaint.

Dated: June 1, 2026

_____/s/_____
Stephanie A. Gallagher
United States District Judge